S. WAYNE ROSENBAUM CA Bar No. 182456
  srosenbaum@foley.com
**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
402 WEST BROADWAY, SUITE 2100
SAN DIEGO, CA 92101-3542
TELEPHONE:   619.234.6655
FACSIMILE:    619.234.3510

RUSSELL B. SELMAN IL Bar # 6195396, *pro hoc vice*
  rselman@foley.com
BRADLEY S. ROCHLEN IL Bar # 6244780, *pro hoc vice*
  brochlen@foley.com
**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
321 NORTH CLARK STREET, SUITE 2800
CHICAGO, IL 60654-5313
TELEPHONE:   312.832.4500
FACSIMILE:    312.832.4700

Attorneys for Defendant Pacific Gas & Electric Company

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ecological Rights Foundation<br><br>    Plaintiff,<br><br>  v.<br><br>Pacific Gas & Electric Company<br><br>    Defendant. | Case No:  CV-09-03704 SBA<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULE 12(B)(1)**<br><br>Judge:  Saundra B. Armstrong<br><br>Hearing:  March 30, 2010, 1 p.m. |

   **To:**   Christopher A. Sproul
         Environmental Advocates
         5135 Anza Street
         San Francisco, CA 94121
         e-mail:  csproul@enviroadvocates.com

         William Verick
         Klamath Environmental Law Center
         424 First Street
         Eureka, CA 95501
         e-mail:  wverick@igc.org

   **Notice:**  Please take notice that on Tuesday, March 30, 2010 at 1 p.m. or as soon thereafter as counsel may be heard, we

---

shall appear before the Honorable Saundra B. Armstrong in Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, CA 94612 and present the attached DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULE 12(B)(1), at which time and place you may appear if you so desire.

**Statement of the Motion**: Defendant, Pacific Gas & Electric Company ("PG&E"), through its attorneys, Foley & Lardner LLP, respectfully moves this Court to dismiss the First Amended Complaint of Plaintiff, Ecological Rights Foundation ("ERF"), pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(1) because the Court lacks subject matter jurisdiction due to fatal deficiencies in ERF's statutorily-mandated notice of intent to sue. In support of its Motion, PG&E states the following:

Factual Background

1. ERF served PG&E with a Notice of Violations of Federal Law and Intent to Begin Citizen Enforcement Action ("Notice 1") on June 9, 2009. Notice 1 is attached hereto as Exhibit A. Notice 1 alleged that PG&E alone owned utility poles in four counties in California, Alameda, Contra Costa, Marin and San Francisco. ERF alleged that many of those poles were treated with an EPA-approved preservative, pentachlorophenol ("penta"), which leaked or otherwise released from the poles. ERF claims that PG&E's use of the poles violates the Clean Water Act ("CWA") and the Resource Conservation and Recovery Act ("RCRA"). Nowhere in Notice 1 did ERF identify the number or location of poles alleged to violate CWA and RCRA.

2. Notice 1 informed PG&E that ERF intended to file

citizen enforcement actions (known as "citizen suits") pursuant to the CWA, 33 U.S.C. § 1365(a)(1) and RCRA, 42 U.S.C.§ 6972(a)(1)(B). Under the CWA, no citizen suit may be commenced until 60 days have passed from the notice of violation. 33 U.S.C. § 1365(b)(1)(A). Further, under RCRA, no citizen suit may be commenced until 90 days have passed from the notice of violation. 42 U.S.C.§ 6972(b)(2)(B).

3. On August 10, 2009, ERF filed a complaint against PG&E for violations of the CWA. The complaint was served on PG&E on August 25, 2009 with a request to waive service. That request was granted. Nowhere in the Complaint did ERF identify the number or location of poles alleged to violate CWA and RCRA.

4. On September 14, 2009, ERF filed this First Amended Complaint adding RCRA claims to the CWA claims.

5. On October 14, 2009, before PG&E was required to respond to the First Amended Complaint, ERF served a Notice of Violation of Federal Law and Notice of Intent to Begin Citizen Enforcement Action ("Notice 2") on PG&E along with 14 additional parties. Notice 2 is attached hereto as Exhibit B. The additional parties are members of the 1998 Northern California Joint Pole Association ("JPA") who jointly own many of the poles in the four counties of concern to ERF. Notice 2, like Notice 1, involved poles treated with the EPA-approved preservative, penta.

6. In January, 2010, ERF informed PG&E of their belief that several of the parties listed in Notice 2 were not the proper legal entities responsible for joint pole ownership in the JPA. Therefore, ERF was going to, once again, send a new

notice letter. Such a letter was sent out on January 7, 2010.

7. The January 7, 2010, Notice of Violations of Federal Law and Notice of Intent to Begin Enforcement Action ("Notice 3") was served on 92 parties, including PG&E, members of the JPA, and governmental entities including United States Environmental Protection Agency ("EPA") and the California Department of Toxic Substances Control ("DTSC"). Notice 3 is attached hereto as Exhibit C. Unlike Notices 1 and 2, Notice 3 greatly expanded both the scope of the alleged violations of CWA and RCRA, as well as the number of poles subject to the violations.

8. Notice 3 alleges that all wooden poles in the four California Counties, Alameda, Contra Costa, Marin and San Francisco, are subject to the lawsuit regardless of what wood-treatment preservative was used on the pole. In other words, the same penta-treated poles from Notices 1 and 2 are still subject to Notice 3. However, all poles treated with creosote, chemonite, or copper chromated arsenate are also subject to ERF's allegations. As ERF stated in Notice 3, the letter "begins the process by which ERF will seek available remedies under" the CWA and RCRA. Notice 3 at p.2.

9. Based upon the date of service of Notice 3, ERF can file its citizen suit for the CWA claims on March 8, 2010 and for the RCRA claims on April 7, 2010. Any lawsuit before that time is barred by the statutorily-mandated waiting period.

10. In a practical effort to avoid the filing of this motion to dismiss, PG&E proposed to ERF that the case be stayed, including discovery, until such time that the statutorily-

4
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO
FRCP RULE 12(B)(1)
CASE NO. CV-09-03704

mandated waiting periods under the CWA and RCRA expired on April 7, 2010 and ERF has filed its amended complaint to add any additional defendants that were also served with Notice 3. ERF previously indicated to the Court that it intended to add at least some of the noticed parties as defendants to the lawsuit. Case Management Statement, Docket Number 25, page 6. It is anticipated that at such time, some or all of the defendants would file motions to dismiss the operative amended complaint (based on the operative notice) on the grounds that the CWA and RCRA are inapplicable to the alleged discharges from utility poles. Unfortunately, ERF rejected this practical approach, insisting instead on pursuing their claims against PG&E before the expiration of the statutorily-mandated waiting period and after ERF has already informed the Court of its intention to amend the First Amended Complaint.

### Subject Matter Jurisdiction

11. Under both the CWA and RCRA, the notice required prior to bringing a citizen suit is a mandatory condition precedent to commencing a citizen suit. *Hallmstrom v. Tillamook County*, 493 U.S. 20, 31 (1989); *Center for Biological Div. v. Marina Point*, 566 F.3d 794, 800 (9th Cir. 2009). Without such notice, a claim is barred by the very terms of the statutes. *Id*.

12. As courts have repeatedly stated, the notice requirement is a "jurisdictional necessity" which cannot be waived by the Court. *Center for Biological Div.* at 800, citing *Waterkeepers N. Col. V. AG Indus. Mfg., Inc.*, 375 F.3d 913, 916 (9th Cir. 2004). The notice provisions serve an important public purpose to balance the rights of citizens to sue for CWA and

RCRA violations with the desire to allow the government to act. *Id.* The notice provisions allow time for both the government to act or the noticed party itself to rectify any problem. Both actions would obviate the need for a citizen suit. *Id.*

13. The notice requirements under both the CWA and RCRA are nearly identical. The notice must contain sufficient information to permit the recipient to identify the specific violation, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of the alleged violation, and the full name, address, and telephone number of the person giving notice. 40 C.F.R. §§ 153.3(a) (CWA) and 254.3(a) (RCRA).

14. Without meeting all the requirements of the notice, including the timing provision, a claim is barred. *Center for Biological Div*. at 800.

<u>The Notices are Deficient</u>

15. The notice letter upon which the First Amended Complaint is allegedly based is Notice 1. That notice is deficient in several important ways.

    a. <u>Location</u>. Notice 1 fails to specify the location of the poles that are subject to the lawsuit in violation of the EPA's regulations. Instead, Notice 1 simply states that the citizen suit "pertains to each and every Pole located in San Francisco, Alameda, Contra Costa and Marin counties, to the extent the Pole has been treated with the above-referenced oil-pentachlorophenol mixture." While ERF alleges that PG&E has releases from a "point source,"

6
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULE 12(B)(1)
CASE NO. CV-09-03704

      nowhere in Notice 1 does ERF identify the location of that point source – a fatal flaw under the regulations cited.

      b.   <u>Parties</u>.  Notice 1 fails to identify the person or persons responsible for the alleged violation in violation of the EPA's regulations. Notice 1 is specifically targeted at PG&E alone. As ERF recognized in both Notices 2 and 3, PG&E is not alone in ownership of the poles. As ERF stated in Notice 3, many of the parties noticed in that letter are "parties to the Northern California Joint Pole Agreement ('the JPA Agreement')." Notice 3 at p.4. Further, ERF recognized that "[p]ursuant to the JPA Agreement, each of the JPA Agreement Parties (along with PG&E) either owns an undivided property interest in certain of the Poles and/or a contractual right to use the Poles." Id. Because Notice 1 does not include these additional "JPA Agreement Parties," the notice is fatally flawed pursuant to the EPA regulations regarding citizen suits and must be dismissed. 40 C.F.R. §§ 153.3(a) (CWA) and 254.3(a) (RCRA).

16. Upon service of Notice 3, Notices 1 and 2 were superseded to the extent that Notice 3 covers the very same poles described in Notice 1, plus additional poles. Notice 3 is broader in scope and volume than Notice 1 and therefore constitutes a new notice, requiring a new statutorily-mandated waiting period pursuant to 33 U.S.C. § 1365(b)(1)(A) and 42 U.S.C.§ 6972(b)(2)(B).

17. The allegations of fact and law in the First Amended Complaint, while based upon Notice 1, are reiterated and

1 expanded in Notice 3.  Notice 3, therefore, subsumes the
2 substance of Notice 1 while going further.  Because Notice 1 and
3 Notice 3 cover the same set of facts and law, Notice 3 has
4 effectively replaced Notice 1 as the operative notice.  As such,
5 ERF is barred by the time limitations of the CWA and RCRA
6 citizen suit provisions from filing the litigation prior to the
7 expiration date of the statutorily-mandated waiting periods of
8 60 days (CWA) and 90 days (RCRA).  The current First Amended
9 Complaint must be dismissed on those grounds.

10  18. Any of the above-referenced violations individually
11 removes subject matter jurisdiction for this case from the Court
12 and would warrant dismissal of the case.

13  19. PG&E certifies that it contacted ERF prior to filing
14 this motion and requested that ERF agree to stipulate to the
15 dismissal of the First Amended Complaint for any of the reasons
16 set forth herein.  ERF declined to do so.

17  WHEREFORE, PG&E requests this Court to dismiss the First
18 Amended Complaint without prejudice for lack of subject matter
19 jurisdiction for any and all of the reasons stated herein.

Dated:  February 4, 2010          **FOLEY & LARDNER LLP**
                                  S. WAYNE ROSENBAUM
                                  RUSSELL B. SELMAN
                                  BRADLEY S. ROCHLEN


                                  By:  /s/ Bradley S. Rochlen
                                       BRADLEY S. ROCHLEN
                                       Attorneys for Defendant
                                       Pacific Gas & Electric Company

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ecological Rights Foundation<br><br>        Plaintiff,<br><br>    v.<br><br>Pacific Gas & Electric Company<br><br>        Defendant. | Case No:  CV-09-03704 SBA<br><br>[PROPOSED] ORDER |

   IT IS HEREBY ORDERED THAT, having considered Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to FRCP Rule 12(b)(1) and Plaintiff's response to such motion, Plaintiff has failed to properly notice Defendant under the citizen suit provisions of the Clean Water Act, 33 U.S.C. § 1365(a)(1) and Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a)(1)(B).  Plaintiff has also failed to follow the statutorily mandated waiting period before filing the lawsuit.  Therefore, Plaintiff's First Amended Complaint is dismissed without prejudice.

   IT IS SO ORDERED.

                                   _____

                                   SAUNDRA BROWN ARMSTRONG

                                   United States District Judge