UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION,<br><br>   Plaintiff,<br><br>   vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>   Defendant. | Case No: C 09-3704 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket 26 |

Plaintiff Ecological Rights Foundation ("Plaintiff") brings the instant action against Defendant Pacific Gas and Electric ("PG&E"), alleging that its wooden utility poles are leaching the chemical pentachlorophenal into public waterways in violation of the Clean Water Act ("CWA"), 35 U.S.C. § 1251, et seq., and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901, et seq.  The parties are presently before the Court on Defendant's Motion to Dismiss First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1).  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

I.   **BACKGROUND**

Plaintiff is a non-profit public benefit corporation that focuses on ameliorating toxic pollution.  First Am. Compl. ¶ 10.  On June 9, 2009, Plaintiff sent PG&E a letter styled as a Notice of Violations of Federal Law and Notice of Intent to Begin Citizen Enforcement Action.[1]  The letter states that certain of PG&E wooden utility poles are treated with an oil-

---

[1] A copy of the letter is attached to the First Amended Complaint.

1  based mixture containing a toxic chemical known as pentachlorophenal.  As a result of water
2  run-off, pentachlorophenal makes its way into storm drains, and eventually, the San Francisco
3  Bay and other waterways.  Id. at 2.  The poles that are the subject of the notice specifically are
4  pentachlorophenal-treated poles located in Alameda, Contra Costa, Marin and San Francisco
5  Counties, California.  Id. at 6.   The letter includes the location of fifty-three poles that
6  allegedly violate the CWA and RCRA.  Plaintiff subsequently sent two notices, one on October
7  14, 2009, and another on January 7, 2010.  However, the First Amended Complaint is based
8  solely on the first notice letter.  First Am. Compl. ¶ 5.
9      PG&E now moves to dismiss the instant action for lack of jurisdiction.  As a
10 jurisdictional prerequisite to filing a citizens suit under the CWA and RCRA, the party filing
11 suit is required to provide the alleged offender with advance notice (sixty days under the CWA
12 and ninety days under the RCRA) of the violation in order to give it an opportunity to address
13 the problem.  In its motion, PG&E contends that: (1) Plaintiff's notice letter is deficient
14 because it allegedly fails to identify the location of the violations or the identity of additional
15 owners of the poles and (2) Plaintiff filed the First Amended Complaint prematurely on the
16 basis that January 7, 2010 letter supersedes the June 9, 2009, letter, thereby triggering a new
17 waiting period.  Plaintiff and PG&E have filed their opposition and reply briefs, respectively,
18 and the matter is now ripe for resolution.

19 **II.   LEGAL STANDARD**

20     An action may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.
21 "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the
22 plaintiff has the burden of proving jurisdiction in order to survive the motion.  A plaintiff suing
23 in a federal court must show in his pleading, affirmatively and distinctly, the existence of
24 whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the
25 defect called to its attention or on discovering the same, must dismiss the case, unless the
26 defect be corrected by amendment."  Tosco Corp. v. Comt'ys for a Better Env't, 236 F.3d 495,
27 499 (9th Cir. 2001) (citations and internal quotations omitted).  On a Rule 12(b)(1) challenge
28 based on the pleadings, the Court assumes the plaintiff's factual allegations to be true and

draws all reasonable inferences in its favor.  Doe v. See, 557 F.3d 1066, 1073 (9th Cir. 2009); Castaneda v. United States, 546 F.3d 682, 684 n.1 (9th Cir. 2008).

## III. DISCUSSION

The CWA and RCRA allow "citizen suits" against alleged polluters, provided that the plaintiff has first provided specific notice of the violation to the responsible party and the relevant agency.  The CWA requires sixty days notice, 33 U.S.C. § 1365(b), while the RCRA requires ninety days notice, 42 U.S.C. § 6972(b).  The requisite contents of the notice are set forth in regulations promulgated by the Environmental Protection Agency.  CWA regulations provide that:

> (a) Violation of standard, limitation or order. Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 135.3(a).  The notice provision under the RCRA is worded almost identically.  40 C.F.R. § 254.3(a).  The purposes of the notice requirement are to provide an alleged violator with the opportunity to negotiate a resolution to the dispute and to afford state and federal agencies the opportunity to enforce their laws and regulations.  See Wash. Trout v. McCain Foods, Inc., 45 F.3d 1351, 1354 (9th Cir. 1995).  Compliance these notice provisions is a jurisdictional prerequisite to filing suit.  Id. at 1354-55.

In the instant case, PG&E contends that the June 9, 2009 notice is deficient because it does not specify the location of each of the poles at issue.  This contention lacks merit.   EPA regulations do not require the precise location where each violation is alleged to have occurred.  Rather, the notice need only provide sufficient information for the defendant to identify and rectify the problems.  See S.F. BayKeeper, Inc. v. Tosco Corp., 309 F.3d 1153, 1155 (9th Cir. 2002) ("[A]s long as a notice letter is reasonably specific as to the nature and time of the alleged violations, the plaintiff has fulfilled the notice requirement.  The letter does not need to describe every detail of every violation; it need only provide enough information that the

defendant can identify and correct the problem."); accord San Francisco Baykeeper v. Town of Hillsborough, 2008 WL 5130418 (N.D. Cal., Dec. 5, 2008) ("[u]nder the literal language of the EPA's implementing regulations, *the specific locations … need not be included in the notice* letter; what is required is 'sufficient information to permit the recipient to identify' the locations and dates.") (internal quotations omitted, emphasis added).  Thus, for example, the Ninth Circuit held in Tosco that "[n]otice of pollution that allegedly occurred *during ship loading and on windy days*" was sufficiently specific to meet CWA regulations requiring notice.  Id. at 1158 (emphasis added).  Though the notice did not articulate the exact dates of the discharge, the court recognized that "[the defendant] is obviously in a better position than [plaintiff] identify the exact dates, or additional dates, of its own ship loading."  Id.; see also See Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy, 305 F.3d 943, 951 (9th Cir. 2002) ("Neither the CWA nor the EPA's regulations require plaintiffs to provide an exhaustive list of all violations").

      Here, the notice states that the CWA and RCRA violations originated at "each and every Pole located in San Francisco, Alameda, Contra Costa, and Marin counties, to the extent that the Pole has been treated with the above-referenced oil-pentachlorophenol mixture."  Def.'s Ex. A at 6.  Attached to the notice is a list of fifty-three poles in Corte Madera, Larkspur, San Rafael, Sausalito, San Francisco, Albany, Berkeley and Martinez, with specific geographic information regarding each pole.  Id. Ex. A.  While Plaintiff has not provided the precise location of each and every pole, PG&E has not cited any authority (nor has the Court been able to locate any) requiring such level of specificity.  To the contrary, Plaintiff has provided more than sufficient information for PG&E to ascertain which poles are involved in this action.  Moreover, as in Tosco, PG&E, as the entity that owns and/or controls the poles, is

1 in a better position than Plaintiff to determine which of its poles have been treated with
2 pentachlorophenol.  Id.²
3        PG&E next complains that "[the June 4, 2009 notice] fails to identify the person or
4 persons responsible for the alleged violation of the EPA's regulations."  Def.'s Mot. at 7.
5 Though not entirely clear, PG&E appears to suggest that the notice is improper because there
6 are entities *in addition to* PG&E that also may have an ownership interest in the poles.  PG&E
7 again fails to cite any authority to support the conclusion that a CWA or FCRA notice is
8 deficient where some of the instrumentalities causing the pollution are co-owned by other
9 entities which are not named in the notice.  Nor does such a requirement appear from the face
10 of the regulations.  While the exclusion of other parties may ultimately limit the number poles
11 at issue in this case, no authority has been presented to demonstrate that the lack of such
12 information renders the notice defective or otherwise deprives the Court of subject matter
13 jurisdiction.
14        Finally, PG&E argues that the instant action was prematurely filed before the expiration
15 of the requisite waiting periods under the CWA and FCRA.  PG&E concedes that Plaintiff
16 timely filed its First Amended Complaint pursuant to first notice.  However, it contends that the
17 third notice is broader in scope and therefore necessarily encompasses and supersedes first
18 notice, thereby triggering a new waiting period.  This argument, which again is unsupported by
19 citation to any legal authority, ignores that the claims alleged in the First Amended Complaint
20 are based on the June 4, 2009 notice, not the later January 7, 2010 notice.  See First Am.
21 Compl. ¶ 5.  As such, whether or not the third notice repeats claims made in first notice is
22 inapposite.  While Plaintiff certainly *could have* predicated its claims on the third notice, it
23 chose not to do so.  As the master of its complaint, Plaintiff has the right to choose what claims

---

² In its reply, PG&E cites West v. Johnson, 2009 WL 2477646 at *5 (W.D. Wash., Aug. 10, 2009) as support for its argument that Plaintiff must supply the specific address of each pole.  Def.'s Reply at 5.  This case should have been cited in PG&E's opening papers so that Plaintiff would have had an opportunity to address it in its opposition.  In any event, the case is distinguishable.  The notice in West was sent by a pro se plaintiff who generally alleged that a variety of defendants had engaged in illegal discharges at their respective facilities.  The vaguely worded notice is far different from the notice at issue here, which specifically identifies the source of the violation.

to include and which to omit.  See Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is DENIED.

2. The parties shall appear for a telephonic Case Management Conference on **June 17, 2010 at 3:00 p.m.**  The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court.  Plaintiff shall be responsible for filing the statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

3. This Order terminates Docket 26.

IT IS SO ORDERED.

Dated: May 6, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge